[705 NYS2d 249]

In the Matter of DAVID S. HABERMAN (Admitted as DAVID SAMUEL HABERMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 20, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Chris G. McDonough* of counsel), for Grievance Committee for the Tenth Judicial District.

*Robert A. Unger, P. C.* (*Louis Gerstman* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

David S. Haberman has submitted an affidavit dated January 13, 2000, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9).

In his affidavit of resignation, the respondent acknowledges that he is the subject of a petition containing charges of professional misconduct, including the commingling of funds entrusted to him as fiduciary with his personal funds in an operating account, failing to segregate those funds, and utilizing them for purposes not intended by the client. The Surrogate concluded that the respondent's fee in the underlying matter was excessive.

The respondent concedes that he could not successfully defend himself on the merits against some of these charges and has accordingly decided to offer his resignation. He has discussed his decision to resign with his attorney and with others whose advice and counsel he respects. He is fully aware of the implications of submitting a resignation, including the fact that he will be barred from seeking reinstatement for at least seven years. The respondent avers that his resignation is freely and voluntarily tendered, and that he has not been subjected to coercion or duress.

The respondent is aware that any order permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection of the State of New York. He is further aware that any order pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

As the proffered resignation comports with all applicable Court rules, it is accepted, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SULLIVAN, JJ., concur.

Ordered that the resignation of David S. Haberman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Haberman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David S. Haberman shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see,* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David S. Haberman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.